| | |
|---|---|
| 1 | STONE & STONE |
|   | Stanley H. Stone, SBN# 37037 |
| 2 | 15821 Ventura Blvd., Suite 245 |
|   | Encino, CA 91436 |
| 3 | (818) 906-2727; FAX (818) 906-2777 |
| 4 | SCOTT & WHITEHEAD |
| 5 | Robert W. Conti, State Bar No. 137307 |
|   | 1301 Dove Street, Suite 1000 |
| 6 | Newport Beach, California 92660 |
|   | (949) 222-0166  FAX (949) 222-0113 |
| 7 | |
|   | Attorneys for Plaintiffs DEBORAH WOODS |
| 8 | and STEVEN STERBACK |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH WOODS, a California Resident; STEVEN STERBACK, a California Resident | Case No. |
| Plaintiffs, | PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL FOR: |
| Vs. | 1. DISCRIMINATION ON ACCOUNT OF RELIGION IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT; |
| DC-3 ENTERTAINMENT, LLLP, a Florida Limited Liability Limited Partnership; JON PHELPS, a Washington Resident; ESTHER PHELPS, a Washington Resident | 2. RETALIATION IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT; |
| Defendants | 3. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; |
| | 4. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY; |
| | 5. DISCRIMINATION ON ACCOUNT OF SEX IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT; |
| | 6. VIOLATION OF CALIFORNIA LABOR CODE § 970; |
| | 7. BREACH OF CONTRACT |

**COMPLAINT**

Plaintiffs allege with personal knowledge as to their own actions, and upon information and belief as to the actions of all others:

**PARTIES**

1. Plaintiffs Deborah Woods and Steve Sterback are residents of the State of California, Humboldt County.

2. Defendant DC-3 Entertainment, LLLP ("DC-3") is a Florida Limited Liability Limited partnership with its principal place of business located at 210 Third Avenue South, Suite 5D, Seattle, Washington, and is authorized to conduct business in the State of California. DC-3 has authorized and ratified the misconduct of the remaining defendants, which misconduct was committed within the course and scope of those defendants' employment or other relationship with DC-3. DC-3 regularly employs five or more individuals within the State of California.

3. Defendants Jon and Esther Phelps ("the Phelps") are managing agents and officers of DC-3. The Phelps' are residents of the State of Washington. Jon Phelps, at all relevant times, ratified the conduct of Esther Phelps, and Esther Phelps, at all relevant times, ratified the conduct of Jon Phelps.

**JURISDICTION AND VENUE**

4. This matter is a civil action between citizens of different states. Each of the Plaintiffs is a resident of the State of California. Defendant DC-3 is a resident of the State of Florida, and is registered to do business and maintains its principal place of business in the State of Washington. Jon and Esther Phelps are each residents of the State of Washington. Accordingly, this Court has diversity jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332.

5. Venue is appropriate in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391 (a) in that the events giving rise to Plaintiffs' claims occurred in this District, and, more specifically, in Humboldt County, California. Moreover, Defendants, and each of them, have had continuous and systematic contacts with this District by doing business in Humboldt County, California.

6. Plaintiffs, and each of them, have filed charges with the California Department of Fair Employment and Housing and have each received Right to Sue Letters from the DFEH. Accordingly, they have exhausted their administrative remedies required before bringing this civil action.

## FACTUAL ALLEGATIONS

7. Prior to their employment with Defendant DC-3, Plaintiffs Sterback and Woods, a married couple, lived and worked in Clarksville, Tennessee. In or about June, 2003, Defendant Esther Phelps contacted Woods, who is also Esther Phelps' sister, and advised that Woods and Sterback should quit their jobs, terminate their lease, and move to Northern California to be the innkeepers of the Lost Coast Ranch facility owned and operated by DC-3. They began working at the ranch on or about August, 2003.

8. Intrigued by this opportunity, Woods and Sterback did, indeed, terminate their lease, took their son out of school and moved to Ferndale, California, located in Humboldt County. There, they began operation of the inn. The inn was designed to cater to the board and lodging needs of, among others, Jon and Esther Phelps, their guests, and staff and artists associated with DC-3's recording studio.

9. Shortly after beginning work, DC-3, through the Phelps', began a systematic campaign of harassment directed at Plaintiffs, based upon the Phelps' religious beliefs. The Phelps are members of the Mars Hill Church located in Seattle, Washington. The Phelps made clear to Plaintiffs that they expected the Plaintiffs to submit to the Phelps', and their church's, religious beliefs as a condition of continued employment.

10. For example, Esther Phelps advised Woods that the Bible required her to be subservient to men in general, and Sterback, her husband, in particular. Woods disagreed with Phelps' interpretation of the Scriptures. Accordingly, Phelps demanded that Woods state this view in a written document. The Phelps' further told Woods not to expound upon her feminist views, e.g. that women are not subservient to men and to avoid establishing friendships with individuals who were not Christians. Defendants advised Woods that being a Christian was required in order to be employed at the ranch.

11. Another condition of employment consisted of Woods and Sterback attending church services. Woods advised Defendants that she did not want to attend said services but finally relented on one occasion. At that time, Woods was counseled with regard to what Defendants and their clergy members viewed as behavior contrary to their religious doctrine.

12. Sterback was similarly counseled and criticized over his failure to conform to the Defendants' religious beliefs. Specifically, Defendants advised Sterback that he had to "reel [his] wife in" and stop letting her "be the husband." Defendants demanded that Sterback attend church and subscribe to the Phelps' religious doctrines.

13. At all relevant times, the Phelps belonged to the Mars Hills Church in Seattle. Mark Driscoll is Mars Hills' Founding Pastor and guided the Phelps' with regard to their views on Christianity, the Bible, and the role of women.

14. In addition to Driscoll, the Phelps followed the spiritual teachings of Vernon Rainwater. Rainwater is a Professor of Theological Services and worship leader at the Northland Church in Orlando, Florida.

15. Plaintiffs received a letter from the Phelps dated March 10, 2004, concerning planning for the "DC-3 Summit" that took place at the ranch. The letter makes clear that subscribing to the Phelps', Driscoll's, and Rainwater's religious dogma was a mandatory condition of employment with DC-3. The letter states, among other things:

    a. "Every person attending this retreat should have a clear calling from God that they are supposed to be part of the mission of DC-3."

    b. "Everyone does not need to be perfect, just willing and committed to our ministry."

    c. "We need to know from both of you if you are [committed to the Phelps' ministry].

    d. "[Y]ou will need to take part wholeheartedly in all of the retreat. And it will be church; there will be prayer, worship and teaching from the Bible, including from the writings of Paul. Deb (referring to Plaintiff Woods), we know you don't believe in and resist church meetings, and especially male leadership, but you should tell us know if you are willing to set those feelings aside and open your heart. The Bible is our authority. Vernon Rainwater and

Mark Driscoll are our spiritual leaders and the spiritual authority over this ministry, *and everyone involved must submit to their leadership and direction.*"

e. "We (the Phelps') are praying that this will cause you and Deb to search your hearts to expose anything that comes between the two of you, us, others and God. We need to know if you are called. There are many people who could be innkeepers at the ranch. *The members of this team must be called by God to this, and a person with any spirit contrary to scripture will only cause division, and this we cannot have. If you won't submit to this authority, you are not called to the ministry, and we will need to find people who are.*"

16. Plaintiffs chose not to adopt the religious doctrine demanded by the Phelps as a condition of their employment with DC-3. On April 1, 2004, the Phelps terminated the Plaintiffs' employment with DC-3 due to their refusal to capitulate the Phelps' demands. The Plaintiffs and their minor son, who lived at the ranch they managed, were given just 12 hours to pack up their belongings and vacate the premises.

FIRST CAUSE OF ACTION

(DISCRIMINATION ON ACCOUNT OF RELIGION IN VIOLATION OF THE FEHA, AGAINST DEFENDANT DC-3)

17. Plaintiffs incorporate by this reference, as though set forth in full, the allegations of the preceding paragraphs of this complaint.

18. In the foregoing manner, Defendant DC-defendants acted with the intent to discriminate against Plaintiffs, and each of them, on account of their religion. Specifically, and as noted above, Defendant DC-3 required the adoption of certain religious principals as a condition of employment. When Plaintiffs refused to adopt said religious doctrine, DC-3, through Jon and Esther Phelps, terminated Plaintiff's employment.

19. Defendants' conduct caused Plaintiffs to suffer general and compensatory damages in an amount to be proven at time of trial, but in excess of the jurisdictional requirements of this court. In addition, Defendants' conduct was oppressive and malicious, justifying an award of punitive damages against defendant DC-3.

///

SECOND CAUSE OF ACTION

(RETALIATION ON ACCOUNT OF RELIGION, IN VIOLATION OF THE FEHA,

AGAINST ALL DEFENDANTS)

20. Plaintiffs incorporate by this reference, as though set forth in full, the allegations of the preceding paragraphs of this complaint. In the foregoing manner, Defendants have attempted to condition the Plaintiffs' continued employment on their submission to unwelcome religious requirements. When Plaintiffs refused to subscribe to said demands, and exercised their right to work in an environment free from religious discrimination and harassment, Defendants Jon and Esther Phelps, in their capacity as principals of DC-3, terminated Plaintiffs' employment, and as such Defendant DC-3 ratified the conduct of its principals.

21. Defendants' conduct caused Plaintiffs to suffer general and compensatory damages in an amount to be proven at time of trial, but in excess of the jurisdictional requirements of this court. In addition, Defendants' conduct was oppressive and malicious, justifying an award of punitive damages against Defendants DC-3, and Esther and Jon Phelps.

THIRD CAUSE OF ACTION

(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS)

22. Plaintiffs incorporate by this reference, as though set forth in full, the allegations of the preceding paragraphs of this complaint.

23. Defendants have engaged in outrageous conduct that proximately caused severe emotional distress to plaintiff. That conduct was intentional. The harm done to plaintiffs exceeds any risk reasonably inherent in employment.

24. Defendants' conduct was oppressive and malicious, justifying an award of punitive damages against each defendant.

FOURTH CAUSE OF ACTION

(WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY AGAINST DC-3)

25. Plaintiffs incorporate by this reference, as though set forth in full, the allegations of the preceding paragraphs of this complaint.

26. In the foregoing manner, Defendant DC-3 terminated Plaintiffs' employment on the basis that Plaintiffs refused to subscribe to Defendants' religious practices. It is against the public policy, as codified in the FEHA, to condition employment on the basis of one's religious beliefs. Accordingly, Plaintiffs' termination violates the public policy of the State of California.

27. Defendant's conduct was oppressive and malicious, justifying an award of punitive damages against each defendant.

### FIFTH CAUSE OF ACTION
### (DISCRIMINATION ON ACCOUNT OF SEX BY PLAINTIFF WOODS AGAINST DC-3)

28. Plaintiff incorporates by this reference, as though set forth in full, the allegations of the preceding paragraphs of this compliant.

29. Defendant DC-3, through its principals Jon and Esther Phelps, maintained a practice and policy that required women to be subservient and obey the will of men. Specifically, Woods was required, as a condition of her employment, to be the subservient wife to her husband. Accordingly, there is a nexus between Woods' sex, female, and what was viewed as appropriate behavior as a DC-3 employee. Woods refusal to subscribe to these demands led to the termination of her employment.

30. Defendants' conduct was oppressive and malicious, justifying an award of punitive damages against each defendant.

### SIXTH CAUSE OF ACTION
### (VIOLATION OF LABOR CODE § 970 AGAINST ALL DEFENDANTS)

31. Plaintiff incorporates by this reference, as though set forth in full, the allegations of the preceding paragraphs of this complaint.

32. Plaintiffs were, prior to being employed by DC-3, living in Tennessee. Defendants, and each of them, contacted the Plaintiffs and induced them to move from Tenessee to California to work at the ranch. The Plaintiffs were advised that they could work at the ranch as long as they were wanted and could retire there. They were never advised that subscribing to certain religious dogma

was a requisite of employment. In fact, Defendant Phelps, as Plaintiff Woods sister, knew Woods did not share her religious views when she made the offer to Woods and Sterback.

33. Defendants' conduct was oppressive and malicious, justifying an award of punitive damages against each such defendant.

SEVENTH CAUSE OF ACTION

(BREACH OF CONTRACT AGAINST DC-3)

34. Plaintiff incorporates by this reference, as though set forth in full, the allegations of the preceding paragraphs of this complaint.

35. Defendant DC-3 breached its express oral agreement, as entered into on behalf of DC-3 by the Phelps, to employ Plaintiffs for as long as they wanted, and could retire there. Plaintiffs did, in fact, meet and fulfill all job duties. Defendant Esther Phelps assured Sterback that she was satisfied with the job that the Plaintiffs were performing, with the exception of their failure to subscribe to the religious doctrine being espoused by the Phelps and DC-3. When DC-3 terminated the Plaintiffs' employment, it breached the agreement between Plaintiffs' and DC-3.

36. Said breach has caused Plaintiffs to suffer contractual damages in the form of past and future wages and lost benefits, in an amount to be proven at time of trial but within the jurisdictional requirements of this court.

WHEREFORE plaintiff prays judgment as follows:

As to the First through Sixth Causes of Action:

1. Actual damages according to proof;
2. Compensatory damages according to proof;
3. Punitive damages according to proof;
4. A reasonable attorney's fee;
5. Costs of suit, and
6. Such other relief as the court may deem proper.

As to the Seventh Cause of Action:

1. Actual damages according to Proof

2. A reasonable attorney's fee;

3. Costs of suit, and

4. Such other relief as the court may deem proper.

DATED:  May _____, 2005          STONE & STONE

_____
Stanley H. Stone
Attorneys for Plaintiffs DEBORAH WOODS
and STEVEN STERBACK

**DEMAND FOR JURY TRIAL**

Pursuant to FRCP Rule 38(d) and Local Rule 3-6(a), Plaintiffs hereby demand a trial by jury.

DATED:  May _____, 2005          STONE & STONE

_____
Stanley H. Stone
Attorneys for Plaintiffs DEBORAH WOODS
and STEVEN STERBACK

**COMPLAINT**