The Honorable Martin J. Jenkins

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEBORAH WOODS and STEVEN STERBACK,<br><br>Plaintiffs,<br><br>v.<br><br>DC-3 ENTERTAINMENT, LLLP; JON PHELPS; and ESTHER PHELPS,<br><br>Defendants. | No. C-05-02287 MJJ<br><br>[~~PROPOSED~~] REVISED STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION |

To expedite and facilitate the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation, pursuant to FED. R. CIV. P. 26(c), the parties, Plaintiffs Deborah Woods and Steven Sterback (collectively "Plaintiffs") and Defendants DC-3 Entertainment, LLLP ("DC-3") and Jonathan and Esther Phelps (collectively "Defendants") hereby stipulate to and petition the Court to enter the following Revised Stipulated Protective Order Regarding Confidential Information ("Order").

**I. DEFINITIONS.**

1. The "**Action**" shall mean and refer to the above-entitled action, *Woods, et al. v. DC-3 Entertainment, LLLP, et al.*, No. C-05-02287 MJJ (N.D. Cal. Jenkins).

2. "**Party**" or "**Parties**" shall mean and refer to any party in the above-entitled action, including all of such party's officers, directors, employees, consultants, retained experts,

[~~PROPOSED~~] REVISED STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION (C-05-02287)
{66943.DOC}                                                           --1--

inside and outside counsel, as well as support staff of such. "**Non-Party**" or "**Non-Parties**" shall in turn mean any individual or entity that is not a party in the above-entitled action.

3. "**Information**" shall mean all written, recorded, electronic, or graphic matter whatsoever, whether produced in response to discovery request or to non-party subpoena, and whatever the medium on which it is produced or reproduced, including but not limited to deposition transcripts and exhibits, and any portions of any court papers that quote from or summarize any of the foregoing. "**Information**" shall also include all such matters disclosed in deposition testimony, answers to interrogatories and/or responses to requests for admission or any other disclosure of information.

4. "**Producing Party**" or "**Producing Non-Party**" shall mean any Party or Non-Party producing or providing Information pursuant to discovery request or subpoena in this action that is designated Confidential Information under the terms of this Order.

5. "**Receiving Party**" shall mean any Party receiving Information pursuant to discovery request or subpoena in this Action that is designated Confidential Information under the terms of this Order.

6. "**Confidential Information**" shall mean Information that implicates privacy interests or contains commercially sensitive, trade secret, or other proprietary information that qualify for protection under standards developed under FED. R. CIV. P. 26(c).

## II. PROTECTIVE ORDER.

1. Confidential Information. Any Producing Party or Producing Non-Party may designate as "Confidential Information" any Information that he, she or it reasonably and in good faith believes contains commercially or personally sensitive, trade secret, or other proprietary information or information that implicates privacy interests, including without limitation financial data, technical information, proprietary or nonpublic commercial information, and other

[PROPOSED] REVISED STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION (C-05-02287)
{66943.DOC} --2--

commercially and/or competitively sensitive information of a nonpublic nature, or information received on a confidential basis. Information sought to be protected shall be subject to protection under the standards developed under FED. R. CIV. P. 26(c) and counsel designating information as "Confidential" must make a prior good faith determination that protection is warranted under those standards.

2. <u>Designation of Information</u>. Designation of Confidential Information may be accomplished by the Producing Party or Producing Non-Party affixing the legend "CONFIDENTIAL" on the Information. If only a portion or portions of the Information qualifies for protection under the standards set forth herein, the Producing Party or Producing Non-Party must clearly identify the protected portion(s) as appropriate. Information qualifying for protection under this Order must be clearly designated CONFIDENTIAL before the Information is disclosed or produced. Counsel for the Producing Party or Producing Non-Party shall not designate any discovery material "CONFIDENTIAL" without first making a good faith determination that such protection is warranted.

3. <u>Designation of Testimony</u>. Testimony of any Party or Non-Party, whether elicited during depositions, hearings, or other proceedings, and any transcript of such testimony, shall be deemed Confidential Information from the time such testimony is given until thirty (30) days after receipt by the person giving testimony, or counsel for such person, of a transcript of the testimony unless the Parties expressly agree otherwise. No portion of such testimony, or of the transcript of such testimony, shall be Confidential Information subject to the protections of this Order after the thirtieth (30th) day after receipt of a transcript unless, within such thirty (30) day period, the person giving testimony, or counsel for such person, serves on counsel for all Parties and the court reporter written designation of the testimony entitled to protection under the standards of this Order. Transcripts containing Confidential Information protected under this

[~~PROPOSED~~] REVISED STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION (C-05-02287)
{66943.DOC}                                --3--

Order must be separately bound with the appropriate legend (i.e., "CONFIDENTIAL"), affixed to each page appropriately designated as such.

4. <u>Exercise of Restraint in Designations</u>. Each Party or Non-Party that designates Information for protection under this Order shall take care to limit any such designation to specific material qualifying for protection under the standards set forth herein. Mass, indiscriminate, or routinized designations are prohibited. If it comes to a Party's or Non-Party's attention that Information that it has designated for protection does not qualify for such protection, that Party or Non-Party must promptly notify all other parties, in writing, that it is withdrawing the mistaken designation.

5. <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information as Confidential Information does not waive the Producing Party's or Producing Non-Party's right to secure protection as appropriate under this Order. If Information is appropriately designated after it was initially produced, the party receiving the Information, on timely notification of the designation, must make reasonable efforts to ensure that the Information is treated in accordance with the provisions of this Order. However, disclosure of such Information prior to the later designation shall not be deemed a violation of the Order.

6. <u>Filing and Use of Confidential Information</u>. A Party that seeks to file under seal any Confidential Information must comply with Local Civil Rule 79-5. The Parties recognize that Local Civil Rule 79-5(a) provides, among other things, that "[a] sealing order may issue only upon a request that establishes that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection under the law [hereinafter referred to as "sealable."] The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(b) or (c). A stipulation, or a blanket protective

[PROPOSED] REVISED STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION (C-05-02287)
{66943.DOC} --4--

order that allows a party to designate documents as sealable, will not suffice to allow the filing of documents under seal." Without written permission from the Producing Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Confidential Information. Information obtained hereunder may be used by counsel in pleadings and motions presented to the Court and as evidence at hearings or at trial, subject to the Rules of Evidence; provided, however, that such Information and any pleadings or papers containing such Information comply with Local Civil Rule 79-5 and be stamped – prior to filing or submission – "CONFIDENTIAL – DOCUMENTS SUBMITTED UNDER SEAL" pursuant to the Stipulated Protective Order and be labeled to identify the title and case number of the Action, and the title of the document and be separately filed under seal with the clerk with instruction that the envelope is not to be opened absent further order of the Court. Any Information or pleadings or papers filed under seal shall be accompanied by a written identification of the nature and volume of such documents so that the Court may be apprised at the time of filing what is being filed under seal. Information appropriately designated under the standards as set forth in this Order may be cited in discovery requests and responses in this Action, and may be used in depositions and marked as deposition exhibits in this Action, provided that the confidentiality of the documents and information is maintained as required by this Order. Until such time as the Court rules that materials filed under seal shall be unsealed and made a part of the public record, the materials and any information contained therein shall not be divulged or made public, nor shall the contents be revealed to anyone other than the persons identified in Paragraph 8 below.

   7. <u>Use of Confidential Information in Open Court</u>. Nothing contained in this Order shall be construed to prejudice any Party's right to use at trial or in any open hearing before the Court any Confidential Information appropriately designated as such under the terms of this

[PROPOSED] REVISED STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION (C-05-02287)
{66943.DOC} --5--

Order. However, reasonable notice of the intended use of such Confidential Information shall be given to opposing counsel to enable the Parties to arrange for proper safeguards. Until such time as the Court rules that materials filed under seal shall be unsealed and made a part of the public record, the materials and any information contained therein shall not be divulged or made public, nor shall the contents be revealed to anyone other than the persons identified in Paragraph 8 below. However, nothing contained herein shall preclude a Party from challenging the Producing Party's or Producing Non-Party's designation of Information as "Confidential Information" or the filing of such Information under seal with the Court.

8. <u>Disclosure of Confidential Information</u>. All Confidential Information produced or disclosed in this Action shall be used only for the purposes of prosecuting, defending, or settling this Action, and shall not be disclosed or used for any business, commercial, or competitive purposes whatsoever. The Parties shall not disclose such Confidential Information except as otherwise provided herein to any person other than:

    (a)    the Court and court personnel, including any appellate court to which an appeal may be taken or in which review is sought;

    (b)    inside and outside counsel of record to any Party in this Action, including such partners, associate attorneys, paralegal assistants and stenographic or clerical employees of such counsel as necessary to assist counsel in the prosecution, defense or settlement of this Action;

    (c)    other counsel retained by a Party to assist in the prosecution, defense or settlement of this Action;

    (d)    the Parties and those members, officers, directors, employees, agents, consultants and representatives of any Party to this Action whose access to

[PROPOSED] REVISED STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION (C-05-02287)
{66943.DOC}    --6--

such Confidential Information is reasonably necessary for the conduct of this Action;

(e) deposition, trial, or potential witnesses in this Action and their counsel;

(f) consultants and experts (and their employees and support staff) and other such persons used or retained for the purpose of assisting in the prosecution and/or defense of this Action;

(g) jurors;

(h) deposition and trial court reporters;

(i) authors, addressees or other persons who are indicated on a designated document or item as having previously received access during the ordinary course of business; and

(j) outside litigation support vendors of the Parties, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators.

Any person other than the Court and court personnel and the attorneys of record for any Party who is to be provided with Confidential Information or access thereto must first execute and return to counsel of record for the Party from whom the person is receiving the Confidential Information or access thereto an "Acknowledgment and Declaration" in the form appended to this Order as Exhibit A. However, nothing in this Order shall restrict a Party or Non-Party or its counsel from using or disclosing information which: (a) is already public knowledge; (b) becomes public knowledge other than as a result of disclosure by the Party or Non-Party receiving the Information; or (c) they already possess or acquire in the future independent of the formal discovery process in this Action.

[PROPOSED] REVISED STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION (C-05-02287)
{66943.DOC}                                --7--

9. <u>Challenging Confidentiality Designations</u>. Nothing contained herein, nor any action taken in compliance with it, shall preclude a Party from challenging the Producing Party's or Producing Non-Party's designation of Information as "Confidential Information" or the filing of such Information under seal with the Court as follows:

(a) <u>Timing of Challenges</u>. Unless a prompt challenge to a Producing Party's or Producing Non-Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

(b) <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Producing Party or Producing Non-Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Producing Party or Producing Non-Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has first engaged in this meet and confer process.

(c) <u>Judicial Intervention</u>. A Party that elects to pursue a challenge to a confidentiality designation after considering the justification offered by the Producing Party or Producing Non-Party may file and serve a motion under Local Civil Rule 7 (in compliance with Local Civil Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the

preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Producing Party or Producing Non-Party in the meet and confer dialogue.

(d) <u>Burden of Persuasion</u>. The burden of persuasion in any such challenge proceeding shall be on the Producing Party or Producing Non-Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection which it is entitled under the Producing Party's or Producing Non-Party's designation.

10. <u>Due Care</u>. The recipient of any Confidential Information entitled to protection under the terms of this Order shall exercise due and proper care with respect to the storage, custody and use of all such Confidential Information to ensure that access is limited to the persons authorized under this Order. If a Party or Non-Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or entity or in circumstances not authorized in this Order, said Party or Non-Party must immediately: (a) use its best efforts to retrieve all copies of the Confidential Information; and (b) request that the person(s) or entity(ies) to whom the disclosures were made execute an "Acknowledgment and Declaration" in the form attached hereto as Exhibit A.

11. <u>Subpoena or Other Order to Produce Confidential Information</u>. In the event any Party or Non-Party having possession, custody or control of any Confidential Information produced or disclosed in this Action receives a subpoena or other process or order to produce such Confidential Information in another action or proceeding, such Party or Non-Party shall promptly notify the Producing Party's or Producing Non-Party's counsel, if any, or the Producing Party or Producing Non-Party if none, in writing, including a copy of said subpoena or other process or order prior to production of such Information. The Party or Non-Party receiving the subpoena or other process or order shall be entitled to comply with said process or

[~~PROPOSED~~] REVISED STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION (C-05-02287)
{66943.DOC} --9--

order except to the extent the Producing Party or Producing Non-Party is successful in obtaining an order modifying or quashing it. However, the Party or Non-Party receiving the process shall give the Producing Party or Producing Non-Party a reasonable opportunity to obtain a protective order and shall not disclose any Confidential Information until such reasonable opportunity has been afforded. The Producing Party or Producing Non-Party seeking to protect the Confidential Information from disclosure shall bear all the burdens and expenses of obtaining a protective order.

12. <u>Final Disposition</u>. Within ninety (90) days after final termination of this Action, including termination of all appellate proceedings, counsel of record for each of the Parties shall return to the Producing Party or Producing Non-Party, or certify in writing the destruction of, all Confidential Information in its possession, except counsel of record for the Parties may retain, for archival purposes and subject to the terms and conditions of this Order, an archival copy of such information attached to any pleadings or other papers filed with the Court in this Action in order to maintain a complete record of the litigation. Nothing herein shall require destruction of any work product of any Party's counsel of record.

13. <u>Agreement of Parties</u>. Notwithstanding any other provision of this Order, a Producing Party may, by agreement in writing with any adverse Party to this Action, permit the use or dissemination of the Producing Party's Confidential Information in any manner to which these Parties agree. However, nothing contained in this Order shall restrict the Producing Party's or Producing Non-Party's use or disclosure of its own Confidential Information.

14. <u>Additional Parties</u>. In the event that additional persons or entities become Parties to this Action, they shall not have access to Confidential Information until this Order has been amended, with the Court's approval, to govern such additional persons or entities.

15. <u>No Waiver</u>. Execution of this Order by any Party shall not waive any objections to discovery, including but not limited to, objections based on privilege, privacy, trade secret, or any other ground permitted under the relevant rules, that a Party may otherwise have. Nor shall this Order constitute a waiver of any Party's right to seek further and additional protective orders from the Court. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order, nor does compliance with this Order constitute an admission or agreement that any Confidential Information is, in fact, confidential.

16. <u>Duration</u>. This Order shall remain in force and effect until modified, superseded, or terminated by the Court or by agreement of the Parties with the approval of the Court. The Court shall retain jurisdiction to enforce the terms of this Order for six months after final termination of the Action, including termination of all appellate proceedings. This Order shall be incorporated by reference into any final order, final decree, or final award entered by the Court.

SO STIPULATED AND AGREED TO BY:

DATED this 19th day of April, 2006.

HENDRICKS & LEWIS                                  STONE & STONE

By: /s/ Whitney I. Furman                          By: /s/ Steven H. Stone
    O. Yale Lewis, Jr., WSBA No. 01367                 Stanley H. Stone, Cal. Bar No. 37037
    Stacia N. Lay, WSBA No. 30594                      Steven H. Stone, Cal. Bar No. 136827
    Whitney I. Furman, WSBA No. 35790                  Attorneys for Plaintiffs
    Attorneys for Defendants                           15821 Ventura Boulevard, Suite 245
    999 Third Avenue, Suite 2675                       Encino, CA 91436
    Seattle, WA 98104                                  Telephone: (818) 906-2727
    Telephone: (206) 624-1933                          Facsimile: (818) 906-2777
    Facsimile: (206) 583-2716                          Email: stonelawfirm@earthlink.net
    Email: oyl@hllaw.com
    Email: sl@hllaw.com
    Email: wif@hllaw.com

    David J. Reis (No. 155782)
    email: dreis@howardrice.com

[PROPOSED] REVISED STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION (C-05-02287)
{66943.DOC}                              --11--

|   |   |
|---|---|
| 1 | Dipanwita Deb Amar (No. 184779) |
|   | email: damar@howardrice.com |
| 2 | HOWARD RICE NEMEROVSKI |
|   | CANADY FALK & RABKIN |
| 3 | A Professional Corporation |
|   | Three Embarcadero Center, 7th Floor |
| 4 | San Francisco, California  94111-4024 |
|   | Telephone:    415/434-1600 |
| 5 | Facsimile:     415/217-5910 |
| 6 | Attorneys for Defendants |
|   | DC-3 ENTERTAINMENT, LLLP; JON |
| 7 | PHELPS; and ESTHER PHELPS |

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: 4/24/2006  _____

The Honorable Martin J. Jenkins

[PROPOSED] REVISED STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION (C-05-02287)

{66943.DOC}                    --12--