IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WOODS, et al., | No. C-05-02287 MJJ (EDL) |
| Plaintiff, | **ORDER RE: DEFENDANTS' MOTION FOR ENFORCEMENT OF SETTLEMENT AND GRANTING IN PART DEFENDANTS' MOTION FOR FEES AND COSTS** |
| v. | |
| DC-3 ENTERTAINMENT LLLP, et al., | |
| Defendant. | |

The parties in this case reached a confidential settlement at a settlement conference in this Court on September 28, 2006, the terms of which were memorialized on the record. On August 2, 2007, defense counsel informed the Court by letter that a dispute had arisen regarding a critical aspect of the confidential settlement with which compliance had been required by June 30, 2007. On August 21, 2007, the Court held a telephonic conference with the parties to discuss the dispute. On September 4, 2007, Defendants filed a motion to enforcement the settlement agreement. Defendants submitted declarations and evidence from investigators to support the argument that Plaintiffs had not complied with the settlement agreement. Plaintiffs opposed the motion, submitting their own proof to support a showing of compliance. Defendants filed a reply. The Court held telephonic hearings on the motion on October 22, 2007 and October 30, 2007. Subsequent to the hearings, Plaintiffs submitted additional forms of proof to show their timely compliance with the disputed term of the settlement.

The Court has carefully reviewed all of the evidence and considered counsel's arguments.

Based on the persuasive evidence submitted by Defendants and the unpersuasive evidence from Plaintiffs, the Court finds that Plaintiffs failed to timely comply with the disputed aspect of the settlement agreement. However, there is sufficient evidence to show compliance by Plaintiffs as of September 11, 2007, but only after and as a result of Defendants bringing this motion to enforce. See Second Supp. Decl. of Deborah Woods and Steven Sterback at 2; Supp. Combined Decl. of Deborah Woods and Steven Sterback at Exs. A-E. Therefore, at this time, it is no longer necessary for the Court to enforce the settlement agreement.

One issue raised by the parties during the hearings was which party should bear the costs associated with the investigation conducted by Defendants with respect to Plaintiffs' compliance with the settlement agreement as well as attorneys' fees incurred in bringing this issue to the Court's attention. The settlement agreement provides for an award of reasonable attorneys' fees and costs incurred to enforce the provisions of the settlement. Tr. at 13. Plaintiffs failed to timely comply with the settlement agreement and did not do so until the settlement payment was withheld and Defendants sought enforcement by the Court. Accordingly, as discussed at the hearings, Defendants are entitled to an award of reasonable fees and costs.

On November 1, 2007, Defendants' counsel submitted a declaration regarding fees and costs. On December 19, 2007, Plaintiffs' counsel faxed to the Court a copy of counsel's declaration in opposition, disputing the hourly rate charged by defense counsel and the costs incurred for the investigation. First, although Plaintiffs' counsel believes that defense counsel's billing rate of $665 per hour is not necessary or appropriate, he has made no showing to support that belief, such as comparative billing rates. Ms. Hermle is an experienced partner at a large international law firm, and her firm's hourly rates are in line with the prevailing market. Second, Plaintiffs' counsel argues that Defendants could have retained local investigators at a lower cost. See Declaration of Stanley Stone in Opp'n to Defs.' Mot. for Fees and Costs at 2 (stating conclusorily that: "There is no question that local investigators could have done the job at a substantially reduced rate."). But defense counsel states in her declaration that she was unable to locate any local investigators who would have been competent. Declaration of Lynne Hermle in Support of Mot. for Fees and Costs ¶ 9. Moreover, Plaintiffs' counsel did not submit any support for his argument of the lower rates

1  charged by local investigators, such as cost estimates from local firms. Accordingly, the Court
2  awards the costs of the investigators in the amount of $21,973.09. According to the billing records
3  submitted by Ms. Hermle, the total amount of fees sought by Defendants is $21,162.50. See Hermle
4  Decl. Ex. E. The Court reduces this amount by ten percent or $2,116.25 to ensure that only
5  reasonable fees are awarded. Therefore, the total amount of fees awarded is $19,046.25.

6  At the October 30, 2007 hearing, the parties discussed attempting to reach a stipulation with
7  respect to the terms for visits by Plaintiffs. The Court has not received a proposed order on this
8  issue. The parties shall meet and confer immediately and submit a proposed order no later than
9  January 25, 2008.

10  Therefore, the escrow holder shall distribute certain of the remaining settlement proceeds to
11  Plaintiffs promptly, but only after deducting the following amounts:

- The escrow holder shall first deduct from the principal amount of settlement proceeds the amount of fees and costs awarded ($41,019.34) and shall distribute that amount of fees and costs to Defendants.
- Because the Court shares Defendants' concern about future disputes regarding Plaintiffs' compliance with the settlement in this case based on their past noncompliance, twenty-five percent of the principal amount of settlement proceeds that remain in escrow after the fees and costs have been deducted shall be held back in the interest-bearing escrow account until January 15, 2010. That amount, plus interest that has accumulated on that amount and will accumulate going forward, shall be distributed to Plaintiffs at that time upon verification by Defendants' counsel that Plaintiffs have continued to comply with the settlement agreement or by motion to the Court is there is a dispute.
- Because the Court is not convinced that Plaintiffs timely complied with the settlement agreement, they are not entitled to all of the interest that has accumulated on the settlement proceeds. The escrow holder is instructed to disburse the interest that has accumulated on the principal settlement proceeds remaining after the fees, costs and twenty-five percent hold back are deducted to Plaintiffs beginning only from September 11, 2007, the earliest date that Plaintiffs seem to have complied. The interest from the time principal settlement funds

were deposited until September 10, 2007 shall be distributed to Defendants.

**IT IS SO ORDERED.**

Dated: January 11, 2008

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

4