IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WOODS, et al., | No. C-05-02287 MJJ (EDL) |
|     Plaintiff, | **ORDER** |
|   v. | |
| DC-3 ENTERTAINMENT LLLP, et al., | |
|     Defendant. | |

On October 3, 2008, the Court ordered Defendants to mail a proposal regarding Plaintiffs' visits to Ferndale to Plaintiffs on October 10, 2008, and Plaintiffs to respond by mail on October 24, 2008. Instead of responding to Defendants by the court-ordered deadline, Plaintiffs sent a letter by facsimile to the Court on October 27, 2008 seeking additional time. The Court ordered Plaintiffs to respond by mail to Defendants' proposal no later than November 4, 2008. Again, instead of responding to Defendants by the court-ordered deadline, Plaintiffs sent a letter dated November 5, 2008 to the Court seeking reconsideration of the Court's decision that Plaintiffs had breached the settlement agreement and recusal of the Court. Defendants submitted a response on November 17, 2008.

Plaintiffs' request for reconsideration is denied. Motions to reconsider are governed by Local Rule 7-9 which requires that a party seeking to notice a motion for reconsideration must first obtain leave of Court to do so. To obtain leave, the moving party must show: (1) that a material difference in fact or law exists from that presented before entry of the order for which

reconsideration is sought; (2) the emergence of new material facts or a change of law occurring after the order was issued; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments which were presented to the court before the issuance of the order. See Civil L. R. 7-9(b) (2008). Plaintiffs have made no showing under any prong of Local Rule 7-9(b) that would entitle them to leave.

Plaintiffs' request for this Court's recusal is denied. While Plaintiffs do not state the grounds for their request for recusal, the Court assumes that Plaintiffs believe that the Court is biased against them. See 28 U.S.C. § 455(a) ("Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."); 28 U.S.C. § 455(b)(1) ("He shall also disqualify himself in the following circumstances: (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; . . . ."). Plaintiffs have not articulated any basis for a showing of bias. Rather, it appears that Plaintiffs are simply dissatisfied with the Court's decision. See Nov. 5, 2008 letter ("On these grounds we would like to request another Judge to hear our case, if you can not reconsider.").

Although the Court has provided Plaintiffs with several opportunities to respond to Defendants' visitation proposal, it will give Plaintiffs one more chance to respond to the proposal. Plaintiffs shall mail a response to Defendants and the Court no later than December 1, 2008. Plaintiffs are cautioned that, absent extraordinary circumstances, the Court is not inclined to give them any more chances to respond. In addition, the Court will conduct another telephonic conference on December 10, 2008 at 9:00 a.m. Pacific Standard Time to discuss the status of this case. The parties are instructed to call the Court's courtroom deputy at 415-522-3694 no later than December 8, 2008 with a number for the Court to call the parties for this conference.

**IT IS SO ORDERED.**

Dated: November 18, 2008

ELIZABETH D. LAPORTE
United States Magistrate Judge

2