IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WOODS, et al., | No. C-05-02287 MJJ (EDL) |
| Plaintiff, | **ORDER CLARIFYING DISPOSITION OF SETTLEMENT FUNDS IN ESCROW AND DECLINING TO EXERCISE FURTHER JURISDICTION** |
| v. | |
| DC-3 ENTERTAINMENT LLLP, et al., | |
| Defendant. | |

The parties in this case reached a confidential settlement at a settlement conference in this Court on September 28, 2006, the terms of which were memorialized on the record. As part of the settlement, the Court agreed to retain jurisdiction over the settlement. See Sept. 28, 2006 Tr. at 13. The parties consented to the Court's jurisdiction to make final binding determinations, not subject to appeal, about the meaning of the terms of the settlement or the need to enforce those terms. See Sept. 28, 2006 Tr. at 16.

Since that time, the parties have disputed whether Plaintiffs have complied with the terms of the settlement. The Court held telephonic conferences with the parties on August 21, 2007, October 22, 2007, October 28, 2007, February 8, 2008, October 3, 2008 and December 10, 2008 to address their disputes. The Court also issued orders regarding the parties' disputes relating to enforcement of the settlement on December 11, 2007, January 11, 2008, October 3, 2008, October 28, 2008, November 18, 2008 and December 12, 2008. In particular, in the January 11, 2008 Order, the Court found that Plaintiffs had failed to timely comply with the terms of the settlement agreement with

Defendants. Further, in the October 3, 2008 Order, the Court ruled again that Plaintiffs had breached the settlement agreement and therefore were not entitled to the remaining funds in the escrow account.

The remaining issue was Plaintiffs' visits to Ferndale, California pursuant to the settlement agreement. Because the parties were unable to resolve by stipulation the issue of visitation, on January 15, 2009, the Court referred this matter to Magistrate Judge James to conduct a further settlement conference to address that issue. The further settlement conference with Magistrate Judge James was scheduled for May 20, 2009, but was not held because Plaintiffs were not present. Magistrate Judge James's order to show cause as to why sanctions should not be imposed on Plaintiffs' counsel for failure to comply with their duties as counsel of record in connection with the settlement conference was vacated.

On June 9, 2009, Defendants filed a proposed order seeking clarification of the disposition of the funds in escrow in light of the Court's October 3, 2008 Order. Plaintiffs have not filed any response to Defendants' proposed order. Because the Court has already ruled that Plaintiffs breached the settlement agreement and are therefore not entitled to the remaining escrow funds, the Court hereby orders the escrow agent to release the remaining funds in the settlement escrow account to Defendants.

Accordingly, the Court's role in retaining jurisdiction to enforce this settlement is complete, and the Court hereby divests itself of jurisdiction over this matter. The remaining issue of a specific schedule for visits to Ferndale, consistent with the term requiring Plaintiffs to move, was not a specific term of the settlement. See Sept. 28, 2006 Tr. at 5, 6. The Court declines to adjudicate a visitation schedule and declines to exercise such broad continuing jurisdiction where the parties reached a settlement almost three years ago. See Arata v. Nu Skin Int'l, Inc., 96 F.3d 1265, 1268-69 (9th Cir. 1996) (the district court did not abuse its discretion "to terminate its continuing jurisdiction, the initial retention of which was a discretionary act."); see also Collins v. Thompson, 8 F.3d 657, 659 (9th Cir. 1993) (stating in a case in which a consent decree was entered placing time limits on the court's retention of jurisdiction: "A federal court may refuse to exercise continuing jurisdiction even though the parties have agreed to it. Parties cannot confer jurisdiction by stipulation or

consent."). Therefore, any further disputes regarding the settlement of this matter should not be addressed to this Court.

**IT IS SO ORDERED.**

Dated: June 29, 2009

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

3